## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| VICTORIA JOSEPHINE DELGADO, | ) | Bankruptcy No. 04-03283 |
| | ) | |
| Debtor. | ) | |

---

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| CARTER LEFLORE, | ) | Bankruptcy No. 04-03289 |
| VIOLATE LEFLORE, | ) | |
| Debtors. | ) | |

---

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| CHRISTA D. JOHNSON, | ) | Bankruptcy No. 04-03357 |
| | ) | |
| Debtor. | ) | |

---

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| KEITHA M. ULFERTS-TAYLOR, | ) | Bankruptcy No. 04-03754 |
| | ) | |
| Debtor. | ) | |

---

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| CAROL BOYD, | ) | Bankruptcy No. 04-04537 |
| | ) | |
| Debtor. | ) | |

## ORDER RE: U.S. TRUSTEE'S MOTION TO DISMISS
### NOTICE OF APPEAL

This matter came before the undersigned on May 26, 2005 pursuant to assignment. Attorney John Schmillen appeared for the U.S. Trustee. Gregory Hughes appeared pro se. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

### STATEMENT OF THE CASE

On April 1, 2005, the Court entered its Order regarding the activities of Gregory Hughes and Give Me Liberty Self Help Law Center and Pro Se Association as petition preparers.  Mr. Hughes filed a Notice of Appeal on April 29, 2005.  The U.S. Trustee seeks dismissal of the appeal for untimeliness under Bankruptcy Rule 8002.

### FINDINGS OF FACT

At the hearing, Mr. Hughes presented the testimony of a friend, Cynthia Armstrong.  She testified that, on the day Mr. Hughes received a copy of the April 1 Order, she called the Court of Appeals in St. Louis to inquire about the length of the appeal period.  Ms. Armstrong stated that she does not know who she talked to at that time but she was told that the appeal period was 30 days.

After Mr. Hughes received the U.S. Trustee's Motion to Dismiss Notice of Appeal, Ms. Armstrong again called the Court of Appeals in St. Louis.  She testified that she was again told the appeal period was 30 days.  After further discussion, however, Ms. Armstrong conveyed that she was talking about an order of the Bankruptcy Court.  At that time, she was transferred to speak to Cindy Harrison, Panel Coordinator for the Eighth Circuit Bankruptcy Appellate Panel, who told her the period of time to appeal a judgment from Bankruptcy Court is 10 days.  Ms. Armstrong testified that Ms. Harrison stated that the Court of Appeals had been in error in telling her the appeal period was 30 days.

Upon questioning by Mr. Schmillen, Ms. Armstrong testified that the first time she called the Court of Appeals she did not mention that she was inquiring about an order from the Bankruptcy Court.  She stated that she did not know there were two separate time periods and thought all appeals went directly to the Court of Appeals.  The person Ms. Armstrong initially talked to at the Court of Appeals did not ask for any details about the case.

### CONCLUSIONS OF LAW

Pursuant to Federal Rule of Bankruptcy Procedure 8002(a), a notice of appeal must be filed within 10 days of the date of the entry of the order appealed.  In general, a party's

failure to file a timely notice of appeal from a bankruptcy
court's order deprives the district court or bankruptcy
appellate panel of jurisdiction to review the order.  <u>Veltman
v. Whetzal</u>, 93 F.3d 517, 520 (8th Cir. 1996).  The time limit
for filing a notice of appeal is mandatory and jurisdictional.
<u>In re Danzig</u>, 233 B.R. 85, 91 (B.A.P. 8th Cir. 1999), <u>aff'd</u>
217 F.3d 620 (8th Cir. 2000).

Rule 8002(c) allows a party to request an extension of
the time for filing a notice of appeal up to 20 days after the
initial 10-day deadline for filing the notice.  Fed. R. Bankr.
P. 8002(c)(2).  Such request for extension must be made by
written motion and may be granted upon a showing of excusable
neglect.  <u>Id.</u>  Generally, courts refuse to treat a late notice
of appeal as a motion for extension of time to file a notice
of appeal.  <u>In re Williams</u>, 216 F.3d 1295, 1297 (11th Cir.
2000).  Strictly construing Rule 8002, a notice of appeal
itself is not a request for extension which must be made by
motion.  <u>In re Dow Corning Corp.</u>, 255 B.R. 445, 465 (E.D.
Mich. 2000), <u>aff'd</u> 280 F.3d 648 (6th Cir. 2002); <u>Lowry v.
McDonnell Douglas Corp.</u>, 211 F.3d 457, 464 n.4 (8th Cir. 2000)
(considering similar requirements of Rule 4(a)(5)).  A motion
for extension is needed above and beyond the late-filed notice
of appeal.  <u>In re R.H. Macy & Co.</u>, 173 B.R. 301, 302 (S.D.N.Y.
1994).

In general, pro se representation does not excuse a party
from complying with rules of procedure.  <u>Ackra Direct Mktg.
Corp. v. Fingerhut Corp.</u>, 86 F.3d 852, 856 (8th Cir. 1996).
The Supreme Court has stated that "we have never suggested
that procedural rules in ordinary civil litigation should be
interpreted so as to excuse mistakes by those who proceed
without counsel."  <u>McNeil v. United States</u>, 508 U.S. 106, 113
(1993) (distinguishing pro se prisoner appeals).  In <u>In re
Furst</u>, 206 B.R. 979, 981 (B.A.P. 10th Cir. 1997), the court
stated that although the appellant did not have advice of
counsel, the party was not relieved from the responsibility to
follow the rules setting out the deadline for filing a notice
of appeal.  It noted that any procedural guidance sought from
the clerk's office is merely advice "and cannot excuse a
failure to meet fundamental jurisdictional requirements".
<u>Id.</u>  This is the risk a party assumes when it opts to proceed
pro se.  <u>Id.</u>

If this Court were to treat the untimely notice of appeal
as a timely motion for extension of time to file a notice of

appeal, Mr. Hughes must convince the Court that his failure to abide by the 10-day deadline was the result of excusable neglect. In re Food Barn Stores, Inc., 214 B.R. 197, 200 (B.A.P. 8th Cir. 1997). Excusable neglect is not defined in the Bankruptcy Rules. Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993). In determining whether a party's neglect of a deadline is excusable, the Supreme Court has held that "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Gibbons v. U.S., 317 F.3d 852, 854-55 (8th Cir. 2003) (citing Pioneer, 507 U.S. at 395); In re Gehl, ___ B.R. ___, 2005 WL 1221079, at *2 (Bankr. N.D. Iowa May 20, 2005). An analysis of the relevant surrounding circumstances includes a consideration of the following factors: (1) the danger of prejudice; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. In re Van Houweling, 258 B.R. 173, 176 (B.A.P. 8th Cir. 2001) (citing Pioneer, 507 U.S. at 395). It is the movant's burden to demonstrate to the trial court that excusable neglect exists. Food Barn Stores, 214 B.R. at 200.

These four factors do not carry equal weight; the excuse given for the late filing must be given the greatest import. Gibbons, 317 F.3d at 854; Lowry v. McDonnel Douglas Corp., 211 F.3d 457, 460 (8th Cir. 2000). "While prejudice, length of delay, and good faith might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry." Lowry, 211 F.3d at 463. To be excusable, the neglect "need not be caused by circumstances beyond the control of the movant." Id. Instead, the central focus must be upon the nature of the neglect. Id.

Inadvertence, ignorance of the rules or mistakes in construing the rules do not usually constitute excusable neglect. In re HML II, Inc., 234 B.R. 67, 72 (B.A.P. 6th Cir. 1999) (refusing to excuse lawyer's application of Civil Rules of Procedure, rather than Bankruptcy Rules), aff'd 215 F.3d 1326 (6th Cir. 2000); In re Beiwel, No. 00-00112-W, slip op. at 3 (Bankr. N.D. Iowa June 12, 2001). In Food Barn Stores, an attorney made a mistake in calculating the appeal period, applying Rule 6(a) rather than Bankruptcy Rule 9006(a). 214 B.R. at 199. The court concluded this ignorance or misreading of the rules is not excusable neglect. 214 B.R. at 200. The

4

appellant was responsible for reviewing the rules and
ascertaining the correct date.  <u>Id.</u>

## ANALYSIS

Mr. Hughes failed to file his Notice of Appeal within the
10-day period set out in Rule 8002(a).  Thus, the district
court or bankruptcy appellate panel is without jurisdiction to
consider the appeal.  The Court declines to interpret the
notice of appeal as a motion for extension of time to appeal
under Rule 8002(c)(2).  Even if it did, the Court concludes
Mr. Hughes had failed to demonstrate his failure to file a
timely notice of appeal is the result of excusable neglect.

Although Mr. Hughes' was not represented by counsel in
filing his appeal, he had the responsibility to ascertain the
deadline for the appeal period.  He assumed the risk of
overshooting the appeal deadline when he decided to proceed
pro se without familiarizing himself with the Rules in time to
file a timely notice of appeal.  The information Mr. Hughes
received from calling the Court of Appeals was not erroneous
in light of the fact that he did not specify to the Court of
Appeals that he sought to appeal an order from the Bankruptcy
Court.  Mr. Hughes assumed the risk of failing to meet the
proper appeals deadline when he opted to proceed without
counsel.  The Court has considered the remaining <u>Pioneer</u>
factors and concludes that Mr. Hughes has failed to
demonstrate his failure to meet the deadline to file a notice
of appeal constitutes excusable neglect.

**WHEREFORE**, the U.S. Trustee's Motion to Dismiss Notice of
Appeal is GRANTED.

**FURTHER**, the Notice of Appeal filed by Gregory Hughes on
April 29, 2005 is DISMISSED.

DATED AND ENTERED:

June 8, 2005

_Paul J. Kilburg_

_____

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE